UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PUBLIC CITIZEN, INC., | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1176 (ESH) |
| | ) | ECF |
| DEPT. OF VETERANS AFFAIRS, | ) | |
|       Defendant. | ) | |

**JOINT STATUS REPORT**

The parties hereby submit this Report to apprize the Court of the status of Plaintiff's April 29, 2005 Freedom of Information Act (FOIA) request– as set forth in Plaintiff's Complaint– ("Request") to the United States Department of Veterans Affairs, to narrow the disputed issues, and to propose a schedule for the proceedings in this case.

In an effort to ensure judicial economy and resolve this matter expeditiously, and without comment on the merits of whether Plaintiff is entitled to a fee waiver, Defendant will process Plaintiff's April 29, 2005 FOIA request without cost to Plaintiff. Defendant will begin the processing of the FOIA request in accordance with the schedule set forth below. To date, Defendant has located approximately 400 files that may contain materials responsive to Plaintiff's FOIA request. Defendant estimates that it will take approximately two hours of work to process the records in each file: examining the records for responsiveness, copying any responsive records, reviewing the records for withholding and then redacting or withholding material as warranted consistent with the exemptions set forth in the FOIA. Defendant expects to complete its processing within ninety business days of the Court's entry of a scheduling order.

This schedule represents Defendant's good-faith estimate only, and will be modified through a subsequent status report if warranted.

The parties suggest that the Court stay Defendant's obligation to respond to the Complaint until further order of the Court and enter the following schedule in this matter:

1. That Defendant will complete its processing, document review and release any non-privileged, non-exempt records, or portions of records, to Plaintiff within ninety business days of the Court's entry of an order governing the progress of this case.

2. That Defendant will make its best effort to make an initial release of records on or about September 6, 2005, with the total processing of records expected to be concluded by mid-November, 2005.

3. That upon the final receipt of the records expected to be in November, 2005, Plaintiffs will have fourteen days to review any records released by Defendant in order to determine whether Plaintiffs will request a <u>Vaughn</u> index of the withholdings, if any.

4. The time for completing a <u>Vaughn</u> index, if required, would be dependant upon the number of withheld documents. Defendant expects that, given its experience with similar FOIA matters, it would take another thirty days to draft an index of withholdings and to transmit the index to Plaintiff.

5. In the event that Plaintiff requests an index of withholdings, Plaintiff will have up to fourteen days to evaluate the index in order to determine whether Plaintiff will contest the withholdings.

6. Plaintiff agrees that documents that are not true duplicates but contain no substantial differences in text need not be produced (e.g., documents with stray marks, documents printed

from multiple e-mail accounts that are the same except insofar as they were printed by different people).

7. The parties agree to undertake their best efforts to resolve any issue regarding the withholding of documents by Defendant. If Defendant produces all responsive documents and the Vaughn index, if applicable, and the parties resolve any issue regarding the withholding of any document, the parties will jointly inform the Court that the issues in the case have been resolved. The timing and form of any dismissal has not yet been agreed upon.

8. If, despite using their best efforts to resolve any dispute, a dispute remains as to any withholding, the parties will so inform the Court and, at that time, will propose an agreed-upon schedule for the briefing of the dispute.

The schedule above reflects Defendant's best current estimate of the reasonable time it will take to complete the processing of the request. Defendant will notify Plaintiff and the Court promptly, via a subsequent status report, if there are any changes in the estimated schedule.

Respectfully submitted,

s/
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

s/
_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

s/
_____
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
Civil Division

555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-0372

Counsel for Defendant

    s/
_____
Brian Wolfman, D.C. Bar No. 427491
Public Citizen Litigation Group
1600 20th Street, N.W.
Washington, D.C. 20009
(202) 588-1000

Counsel for Plaintiff